UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIA KUHEPA KAAMBO,

                Plaintiff,

-against-

THE OFFICE OF THE UNITED NATIONS
SECRETARY GENERAL,

                Defendant.

22-CV-9447 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

      Plaintiff filed this action *pro se* and *in forma pauperis* (IFP). By order dated February 21, 2023, and civil judgment dated February 23, 2023, the Court dismissed the complaint for lack of subject matter jurisdiction.[1] (ECF 10, 11.) On March 27, 2023, Plaintiff filed a notice of appeal and a motion for an extension of time to file a notice of appeal, and on March 28, 2023, Plaintiff filed a motion for reconsideration challenging the February 23, 2023 dismissal order. (ECF 12-14.).

**A.    Extension of Time to File Notice of Appeal**

      Under Fed. R. App. P. 4(a)(1)(A), a notice of appeal in a civil case must be filed within thirty days after entry of judgment. The district court may extend the time to file a notice of appeal, however, if a plaintiff files a motion within thirty days of the expiration of the time to file notice of appeal, and if the moving party shows excusable neglect or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A).

---

[1] On March 30, 2023, the Court issued an amended order and judgment to correct a clerical error in the caption of those documents.

In this case, judgment was entered on February 24, 2023, and on March 27, 2023, Plaintiff filed the motion for an extension of time to file a notice of appeal, and a notice of appeal. In his motion, Plaintiff asserts that he did not file a timely notice of appeal because the mail at his residence is not secure, and he needed to travel to a post office box to retrieve his mail. (ECF 12.) In light of Plaintiff's assertion and his *pro se* status, the Court grants him leave to file a late notice of appeal. *See* Fed. R. App. P. 4(a)(5).

**B.      Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court dismissed Plaintiff's complaint against the Office of the United Nations Secretary General for lack of subject matter jurisdiction. Plaintiff seeks reconsideration on the ground that "this case is about saving lives" and "avoid[ing] genocide like Rwandan genocide." (ECF 14 at 1.) The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

The Court grants Plaintiff's motion for an extension of time to file a notice of appeal. (ECF No. 12.)

The Court denies Plaintiff's motion for reconsideration. (ECF 14.)

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 30, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge